IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GLENN LEE SELDEN, | ) | CIV. NO. 11-00621 LEK/KSC |
| Plaintiff-Petitioner, | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT AND ACTION |
| UNITED STATES, CIA, "6 $ 145," EPA, STATE OF FLORIDA, | ) | |
| Respondents-Defendants. | ) | |

**ORDER DISMISSING COMPLAINT AND ACTION**

*Pro se* Plaintiff Glenn Lee Selden is incarcerated at the Tomoka Correctional Institution, located in Daytona Beach, Florida. Plaintiff has submitted a document for filing with the court.[1] He has not, however, paid the filing fee or submitted an *in forma pauperis* application. Plaintiff is not a Hawaii inmate and neither he nor this action have any discernible connection to Hawaii.[2]

Pursuant to the Prison Litigation Reform Act ("PLRA"), the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner

---

[1] It is impossible to determine the nature of relief Plaintiff seeks, or whether his filing is a civil rights complaint or a petition for writ of habeas corpus. The Clerk of Court has docketed it as a civil rights complaint.

[2] Plaintiff does not appear on Hawaii's criminal database, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's complaint is incomprehensible. Plaintiff names the United States, the C.I.A., "6 $ 145," the EPA, and the State of Florida as defendants and then simply lists numerous, unconnected federal statutes, treatises, and cases. Plaintiff provides no facts and submits nothing that clarifies his claims or the relief he is seeking. Plaintiff's Complaint is therefore completely frivolous and appears unconnected with reality. As such, it is DISMISSED pursuant to 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B)(ii). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (*per curiam*); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (stating that a claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law).

Further, Plaintiff is incarcerated in Florida, Plaintiff's claims likely arose in Florida, and Defendants are presumably located in Florida. Venue does not lie in Hawaii.

*See* 28 U.S.C. § 1391.  Claims that Plaintiff has against State of Florida officials and others concerning actions that occurred in Florida must necessarily be brought to the court that is best able to address and remedy the alleged harm.  The interests of justice are not served by transferring this action to a federal court in Florida, because Plaintiff's claims are clearly frivolous and cannot be cured by amendment.  *See* 28 U.S.C. § 1412; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (*en banc*).

Moreover, a review of the federal courts database, Pacer Case Locator, https://pcl.uscourts.gov., reveals Plaintiff has had four civil actions in the United States federal courts that were dismissed as frivolous or for failure to state a claim.[3]  A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).  Plaintiff does not allege that

---

[3] *See, e.g.*, Civ. No. 1:2011-cv-00733 (D.C.D.C, ECF #10, dismissing action for failure to state a claim); Civ. No. 6:2009-cv-01834 (M.D. Fla., ECF #3, dismissing action as frivolous and for failure to state a claim); Civ. No. 8:2009-cv-02207 (M.D. Fla., ECF #6, dismissing action for failure to state a claim); Civ. No. 4:2010-cv-00143 (N.D. Fla., ECF #48, dismissing action as frivolous).

he is in imminent danger of serious physical injury and he has not concurrently paid the filing fee.

Plaintiff's Complaint and action are DISMISSED pursuant to 28 U.S.C. §§ 1915A(b) & 1915(g).  The Clerk of Court is DIRECTED to close the file and **should not return** any further filings in this action to Plaintiff.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 19, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Selden v. United States, et al.; Civ. 11-00621 LEK/KSC; ORDER DISMISSING COMPLAINT AND ACTION; psas\3 strikes Ords\dmp\2011\Selden 11-621 (friv & 1915(g))